UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:20 MJ 5069 (NAB) |
| ) | |
| MARKQUIS BRYANT, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Lisa M. Yemm, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending trial, and further requests that a detention hearing be held at the time defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq., and per current guidance from the Court.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Presumption of Detention

1. The defendant is charged with offenses for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), possession with intent to distribute a controlled substance, and an offense under Title 18, United States Code, Section 924(c).

2. The offenses with which the defendant are charged trigger a rebuttable presumption of detention pursuant to Title 18, United States Code, Section 3142(e)(3)(A) and (B).  There are

no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

### The Nature and Circumstances of the Offense

3. Title 18, United States Code, Section 3142(g) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense is a controlled substance offense or a crime of violence. The defendant is charged being a felon in possession of one or more firearms, possession with intent to distribute controlled substances, and possessing a firearm in furtherance of a drug trafficking crime. As a result, the first of the § 3142(g) factors weighs in favor of detention.

### The Weight of the Evidence Against the Defendant

4. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong. As described in the affidavit in support of the criminal complaint, an AR-15 style pistol, four additional firearms, various ammunition, ounce-quantities of controlled substances suspected to be heroin, fentanyl, and cocaine base, along with strong indicia of drug trafficking, was seized from defendant's home. The affidavit in support of the criminal complaint likewise describes defendant's suspected involvement in the death of another person by fentanyl overdose and the defendant's subsequent sale of fentanyl after that death occurred.

### The History and Characteristics of the Defendant

5. BRYANT has a criminal history which includes: (1) convictions for Murder 1st Degree, Assault 1st Degree, and Armed Criminal Action in 1990, for which he received sentences of 25 years, 10 years, and 3 years, respectively; (2) a felony conviction for possession of a controlled substance in 2009, for which he received a sentence of 2 years; and (3) convictions for

Assault in the 2nd Degree and Armed Criminal Action in 2011, for which he received sentences of 4 years and 3 years, respectively.

6.  This Court should consider the defendant's past conduct, including his history relating to drug or alcohol abuse, and criminal history. *See* 18 U.S.C. § 3142(g)(2)(A).

### The Nature and Seriousness of the Danger to the Community

7.  The defendant's participation in the distribution of fentanyl caused the death of at least one person and defendant is continuing to sell fentanyl. Additionally, the defendant, a many-times over convicted felon, including for Murder in the 1st Degree, and was in possession of a five (5) firearms and ammunition, including AR-15 style and Tech-9 style weapons, and an extended magazine. The safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

8.  There a serious risk that the defendant will flee because he is facing a significant prison sentence in this case, based on the severity of the charges and his lengthy and severe criminal history. The mandatory minimum sentence for causing the death of another person by distributing fentanyl is 20 years imprisonment. Defendant will also likely be determined to be a career criminal,

### Conclusion

9.  The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community.

Respectfully submitted,
JEFFREY B. JENSEN
United States Attorney

*/s/ Lisa M. Yemm*
LISA YEMM, #64601 MO
Assistant United States Attorney